Good morning, Your Honors. My name is Mark Marin. May it please the Court, I represent the appellants herein. I also have the dubious distinction of having represented Mr. Brown in a case that features prominently in this case. I'd like to reserve two minutes, if by counsel, which led to the situation that we find ourselves in today, denying the class of 1,500 vulnerable, indigent, homeless, mentally ill persons from having their federal claims addressed on the merits. Unfortunately, the court below in Brown... Well, why don't you tell us why the district court in this case erred? Well, because... We're familiar with Brown. We've read the... Well, the district court... We know the background of this case and what happened here. Yes. You tried to bring another case, which is the current case. Yes. District court tossed it out. Yes. Well, the court... And, you know, I don't — the problem that I have with your argument is the Supreme Court's recent decision in Agritech, China Agritech... Yes. ...versus Resch. Well, I... Why doesn't that foreclose your attempt to bring a new class action? I think it's based — it's based solely — our request is based solely on the equitable tolling principles and how the Nevada Supreme Court would view that in this instance. And I think the judge below, Judge Gordon, addressed equitable tolling and essentially found the class didn't qualify, or the plaintiffs in that case didn't qualify... But does state law control this issue? Yes, actually. Why? Well, because the... In a federal class action lawsuit, you're saying that state law controls? Yes. What case says that? On the question — well, all the cases. So we... Weisberger — I mean, that's a given that it's the Nevada State Supreme Court that has to determine the equitable tolling and whether that's applied in this case. However, the Nevada Supreme Court hasn't spoken yet on that question. But is this a procedural or substantive question? It's a procedural. It's a procedural question. So in federal court, don't — doesn't Federal law govern procedural issues? Well, no. It looks to the State law for statute of limitations and tolling questions. So that's... Well, those are substantive in nature. Well, they're... The doctrines that you're dealing with. So, look, here — I have similar concerns as Judge Rawlinson, which seems to be you're in Federal court under Rule 23. Yes. Right? Your class action is brought under Rule 23, not State — not the State Nevada Rule 23. Well, that's correct. That's correct, Your Honor. Why aren't you stuck with the rules that relate to Rule 23? Well, in some sense, they're very similar or the same, and we could predict that... Well, you look to the Nevada Supreme Court for its understanding and determination of equitable tolling.  Yes. And for the statute of limitations. But when you get into the niceties of whether you can maintain a class action under Rule 23, it seems to me that you're — we look to Federal law to make that determination. And Resch... Well, I believe... Resch just seems to foreclose a follow-on class action in these kinds of circumstances. I don't believe so, Your Honor. I think that... Tell me why my thinking is wrong. Well, as Judge Sotomayor pointed out in her dissent... Well... ...it should be restricted to the Private Security Litigation Reform Act. Now, however, that case did not deal with equitable tolling. That is, the Resch case did not deal with equitable tolling. So equitable tolling, in this case, I take from Jones v. Blanus the guidance that this Court should follow, and that is the purpose of equitable tolling is to soften the harsh impact of technical rules which might otherwise prevent a good-faith litigant from having his day in court. And below, Judge Gordon said he had to look at the diligence of the plaintiffs to determine whether equitable tolling would be appropriate in that case. And it's my belief that he erred in that area. And first, it's a highly — it's a factually rich question. It can't be decided on a 12b6 motion. That's the first problem. For instance, nowhere has there ever been an explanation of why it was, and this is the basis on which Brown was dismissed, why it was that the brief did not even address the 41b case. That's — there's nowhere in the record that you can understand why it was that that type of error would have been made. And so I think that Judge — Judge Gordon had a right to hear that, to make a decision. He didn't look at prejudice to the defendants if this case went forward as a class action. He looked solely at the diligence of the plaintiffs, and he found they were not diligent. And that was — that was it for him, no equitable tolling. Had that case come out differently, had he decided it differently, we would be there now today. And we — he already found that the six, in his view, because he went on in his decision, that the — that six Federal claims were stated — were adequately stated to proceed beyond the 12b6 motion. So what you have here, because of this egregious state of affairs, is a denial of a day in court to this — this vulnerable class. And I think that that is the — Sotomayor, let me ask you this. Let me back you up just one — one step. What is the Ninth Circuit case that says that for purposes of looking at equitable tolling, we look to State law? I think the — We look to State law for purposes of determining the statute of limitations. Yes. There's no question about that. But when we're talking about equitable tolling, do we really look at — at State law? Yes. Substantive law? Yes. Yes. I think if you — if you look — What's the case — what's the case that says that? I'm just kind of curious. I think the — the discussion — Are you familiar with Two Rivers v. Lewis? Ninth Circuit case, which seems to indicate that when you borrow the State statute, you also borrow the State statute's principles with regard to equitable tolling. That's true. That's — that's one of the cases. Is that one of the cases? But I — I think what you — Is that one of the cases that we're talking about? Yes. Yes, Your Honor. Yes. That would be helpful to let us know that. I'm sorry, Your Honor. I — Instead of talking about this vague law, if you give us something specific. And I believe that's what that case held. Yes. But I also believe that Wiesenbaker v. Farwell, which is the case that was analyzed by — by Judge Gordon, also squarely holds the same thing. And it's on that basis that he said that we don't know yet what the Nevada supreme court would do, but he is going to apply this rule, and he found that the litigants were not diligent. That was the basis for his decision. Were those cases in the context of class-action cases? Yes. But I also think that the — the Sano case, likewise, the Nevada cases really point to the — the liberality with which they would grant equitable tolling in this case. And I — I think that that's — that's what this Court has to do, to put itself in the shoes of the Nevada supreme court. It's true they follow California law, largely. And we could expect that that's what they would do in this case. So that's why I cite Jones v. Splanus. Counsel, I'm looking at two rivers. That's not a class-action case. Well, equitable tolling, I think that in — in Resch, equitable tolling is discussed. In American Pipe, it's discussed. So these are class-action cases, and equitable tolling does apply. The question really is, does it? Well, we ask you the question whether or not — we ask you the question of where the law is that says that we apply state law. And you cited two rivers, and I ask you if that's a class-action case. Because to me, it's important that you have the interplay between Rule 23, how it's been interpreted, and state law. And I'm not convinced — I can't speak for the other members of the panel, but I'm not convinced that state law would supersede Federal cases interpreting Rule 23. Well, I'm looking at what the district court said below and trying to — Well, we're reviewing what the district court said below. So we're not bound by what the district court said. We're making a decision as to whether we agree with what the district court said. So that's not going to persuade me to say the district court made this ruling. I don't think it's going to persuade any of us. But let me shift gears quickly, because we only have a few seconds left. Go ahead. Assuming that — that China Agritech precludes a second class action under either pipeline case or equitoling, let's assume that, what about the individual claims? Because you said this is an egregious case. Would it be less egregious if the individuals could maintain their individual claims? And wouldn't the end result be pretty much the same? Well, I believe that Porter and Spencer certainly should be able to proceed as individuals. Have you waived that claim, though? Have you argued — We have not waived that. We have not waived that claim. Because that claim was dismissed. Those two claims were dismissed, right? Well, the entire action was dismissed. It was Porter and Spencer who brought this action as class, on behalf of the class. Where have you preserved those claims, which I think are different than the class action claims, clearly? Well, no, I don't believe they are different. They stay — they allege their own circumstances. Well, let me tell you, if they're not different, you may be precluded from bringing those claims. Well, Your Honor — There's no — let me just give you my thinking. Assuming that class action is precluded under any theory, okay, do you have a basis for now proceeding with your individual claims? Yes, Your Honor, because the claim — the complaint itself — And how have you preserved that? We filed a notice of appeal on behalf of Spencer and Porter and the class that they purport to represent. And have you made that argument, that those individual actions survived, should have survived? We haven't had to specifically address that question because it does seem pretty obvious that they're — they're — they're not class action claims. Those are individual claims. And so the decision below that dismissed the class should not have dismissed Porter and Spencer. That's — that's true. But we were looking at the equitable tolling as it related to the class claims as a whole. I understand that. My question is simply, have you preserved those individual claims? Well, we think we've — we think we've preserved them. We haven't — we haven't specifically argued that point. All right. Thank you. Well, you're supposed to argue all — I mean, I assume we were just dealing with the class. You didn't make that — I'm just looking at your brief right now. I didn't understand you to be arguing that — that the individual claims should be preserved. There's nothing in your brief that makes that particular argument. That's because we haven't conceded — The argument is all about the class, maintaining a separate class — a new class action. That's correct, Your Honor, because we haven't conceded that the — that the class claims should be dismissed, and therefore, Porter and Spencer's claims shouldn't be dismissed either. That's because they're part of the class. That's how we — So if we say — if we conclude — if we don't buy your argument, then does that mean, necessarily, that — that the individual claims are also out? Well, no, I don't believe that. I think that you — But that's what you didn't — you didn't make that — you don't — Well, we didn't make that argument as a fallback. Because then you have to look at the individual circumstances of — of the two — of Spencer and the other one. Porter. Porter. And that's not analyzed here. That's right. It isn't analyzed, because our assumption has been that the — the real issue here is the equitable tolling. And to argue that, well, they still have a personal right to proceed, and that their individual claims should be equitably tolled, we just — we didn't — we didn't see that as the main point of this appeal, Your Honor. The main point of the appeal is that the class itself is — should be protected. And — and it shouldn't be penalized because of counsel's error in an earlier case. That's what this is about. All right. Well, I'll give you a minute for rebuttal, but we'll hear from the other side. May it please the Court? Linda Anderson, on behalf of all the state defendants except for Dr. White, and I'm sharing my time with counsel. Judge Gordon Below had a footnote where he recognized that if China Agritech ruled the way it did, that the class would not be able to proceed. So he indicated that he would agree that China Agritech controls. This is an interesting case and very unique that it has the interplay between class action and the issues of equitable tolling. I think China Agritech stands for the viewpoint that repeated trips and untimely trips to the court do not promote justice and do not promote judicial accountability. Well, you know, China Agritech was based on a federal claim, right? It is. So it's purely federal all the way through. It's purely federal all the way through, but it's the kind of things that if Nevada case law we're looking at, that it's really about how you look at Rule 23. Rule 23 doesn't suggest that parties should be able to, doesn't prohibit parties from filing successive or repeat class actions. What it does, though, focus on is that parties, like in this case, my defendants will be defending themselves for a third time if this case were to proceed, and the likelihood that the plaintiffs, even the individuals, Porter and Spencer, will benefit is highly unlikely, especially if you look at the state court action where they were dismissed. So the whole concept of both Rule 23 and limitation periods is a focus to have plaintiffs not slumber on their rights, to go forward, to get the issues before the court. And these are the issues that they didn't get. Let me ask you, so do we look to what the Nevada Supreme Court might do in this kind of scenario, if this case had been filed in Nevada, if we were sitting in Nevada? Or do we just say that we're dealing with Rule 23, Resch says under these circumstances, you can't file a follow-on class action? How do we do that analysis? And I think it's a distinction without a difference. Whether we applied, look to the federal case law or the very limited state law, I think you're going to come up in the same place. Because the test is really about the diligence of the plaintiffs, whether they were never a class, so they couldn't protect that class action. They also didn't diligently pursue their individual claims. And that becomes the keystone in reviewing, and that was the keystone of the court's decision below. Well, the case, if you just conclude that Resch just forecloses this follow-on class action, that's it. You just cite Resch, you don't even have to look at the circumstances, is that right? But for the class, and I think as Justice Huck brought up, the individual claims could still be at play here. But I would suggest that that same argument about the lack of diligence, that they didn't go ahead and file their own. It's a very unusual case. Usually, unnamed members of a class would want to go forward and protect their rights. Did I understand you to say they didn't file their own individual claims? I'm sorry? Did I understand you to say that Porter and Spencer did not file individual claims? They did not pursue, so once- But they did file them. They didn't file until- They did allege them in the one complaint we have. Right. The strategy of counsel was to wait and see. Let's just have Brown continue to represent them, and then they're bound by what happened in Brown. But they, when this case, when Brown was dismissed, both Porter and Spencer, the statute of limitations, had not even run on their 1983 claims. They were free to file a new individual claim. No, but my question is, in the case before us now, didn't Porter and Spencer file individual claims? They did, but it was untimely because the limitation period had run, and they have not been able to demonstrate any reason for their individual claims to be told. Since the individual claims would not be a class action, and class actions are foreclosed because they're agritech, but that doesn't deal with individual claims, why wouldn't the court be able to consider equitable tolling with regard to the two individual claims? All the factors that are here that they did not demonstrate. They were represented by counsel. They took no to demonstrate that they did not take any effort to protect their claims. They waited and did not file individual claims in a timely manner, even though they had the ability to do so. Well, that's your analysis today, but did the judge below make that analysis? The judge did. The individuals themselves? The judge found them. As opposed to the class representatives. Right. The judge found even towards them that they, you know, that the statute of limitations had not run on their claims. They offered no reason or basis for why they waited and why they slept on their rights and did not file. The only argument they make is judicial economy. We didn't want to file and then have Brown come back, and he actually said in his decision, if they had filed and Brown had been successful, he could have consolidated his case back and served judicial economy in that way. But the judge below did not consider in any regard prejudice to the defendants. He didn't feel like he had to reach that? So he didn't. So he did not reach that. Let's assume there is no prejudice whatsoever. Assume there's no prejudice to the defendants? No, no, let's just assume that. You say he didn't even consider it. Let's assume there is no prejudice. Should reverse it because the judge didn't do a full analysis? Consider both the prejudice versus lack of due diligence, and it's kind of a, I would think, a sliding scale. The more prejudice, the more due diligence, and vice versa. Since you're deciding de novo, I would ask that you look at the prejudice to the defendants here. And again, these are the wrong- But can we do that because the judge below didn't? You can because it's a de novo review, Your Honor. And you can look at the fact that state officials are being asked to defend actions that occurred back in 2012 and 2013 for purposes of prospective injunctive relief. They're being asked to, when memories fade, all the issues that come up. So there is a strong detriment for state officials to have to continue to defend this action. You said we have a de novo review. Are you saying this court can now look at the equitable tolling with regard to the individuals de novo? We can consider prejudice and lack of diligence? I mean, you could return for the district court to review that again. But I would suggest that you can de novo look at all of those issues and from the record that's before you. If we disagreed with the lower court about the lack of due diligence, and the lack of existence of prejudice, then we could reverse on that ground? Is that what you're telling us? I think you could reverse on that ground, but I think that I would ask that the court affirm, because the record does not demonstrate, and it was their burden to show, that they used due diligence and there was no detriment. Let me ask, as you read the appellate brief, their opening brief in this case, did they put the individual claims into play? Ironically, throughout all of these proceedings, they have always been so focused on the class, and that's why they didn't do it. Well, my question is, did you read, do you read the blue brief as raising the individual claims for appellate review? It does not. But again, I know this court could look at it from a de novo perspective and look to reach out to protect those individuals. I suggest to you, though, that the record does not support whether- Okay, if we do, if we were to look at them. Okay, let me, you had some, your co-counsel here getting anxious. Well, I was anxious because there's a limited amount of time, I think. I have control over the time, don't worry. I apologize for that. My name is David Pruitt, I'm here on behalf of Dr. Linda White, and thank you for your time, honorable judges. I want to just jump right into some of the things that have been said, and the idea here, first of all, these are all purely federal all the way, which is a point that has been made during this argument. We have ADA claims, we have a section 1983 claim. We have a federal Rule 23 class action that is specifically what is at issue. That's the only thing that was the focus of the brief. Any other arguments relative to individual claims were waived, and that's shown vividly by the US Supreme Court's decision in Resch, where Justice Ginsburg went out of her way to point out that the conclusion would not necessarily be the same if we were talking about an appeal on an individual claim. That has never been the argument made by a plaintiff. Never. And in fact, when the plaintiffs filed their opening brief, they intermixed the circuit court decision of Agritech versus Resch, which had a contrary ruling with equitable tolling, and they acted as if they were the same thing. And at this point, now that the Supreme Court has gone the other way, it completely erodes the entirety of plaintiff's arguments that they presented on appeal. Now, with regard to this idea of whether or not individual claims could still somehow be preserved, even if all of what I just said was somehow disregarded or plaintiffs were forgiven for the deficiencies in the brief, whatever, the rule that the plaintiffs are asking for still wouldn't help them. They couldn't have any tolling when they failed to appeal the actual dismissal order. There is no tolling for an appeal of an interim order of a trial court. So when the district court made an interim ruling, a Rule 12b6 ruling, that's what they appealed. They never appealed the Rule 41 decision, which was the actual judgment of dismissal. So the idea of any tolling from the appellate period is gone because they never had a valid appeal. Breyer. I don't understand your argument. I'm sorry. Because they're appealing from the final judgment here, which was a dismissal. In this case, Your Honor? This case. All right. So I understand your point in that regard. And when they do that, it brings up all the issues that the district court decided. If you'll bear with me for one moment. As long as they preserved them in their blue brief. If you'll bear with me for one moment, I will explain. They are arguing that the Brown case provides a basis for equitable tolling. Now, Resch would suggest that Brown would have provided a basis for equitable tolling. I'm saying that's impossible because it wasn't a valid appeal. And we have a Ninth Circuit published decision that says that Brown, while on appeal, continued to provide equitable tolling. I'm saying that's impossible because it wasn't a valid appeal. And we have a Ninth Circuit published decision that says that Brown, while on appeal, continued to provide equitable tolling. I'm saying that's impossible because it wasn't a valid appeal, because there had been a complete waiver of the actual appealable issue. Are you with me? I follow you now. So they concede, they have conceded in their brief that if they don't get tolling for the appellate period of time while Brown was pending, that they don't have any tolling at all. My point is that they can't have any tolling when the appeal previously was not a valid appeal of an appealable order, and that's established by a published decision. They can't appeal — you cannot get tolling by appealing an interim order of a district court, which is what they attempted to do. I understand your argument. I'm not sure I would agree with it, but I understand it. It just segues right into the Rule 23 thing, though, Your Honor, because Justice Ginsburg is saying you can't just have successive appeals on a class action. So, you know, when they failed to appeal the actual judgment in the prior order, they didn't — they can't have any tolling at all. Secondly, when you look at what occurred, they can't sort of cartwheel forward into the future with — I mean, what would happen now? Are they going to say that there's tolling from this proceeding as to Porter and Spencer, so Brown plus Porter and Spencer plus the next proceeding? Mr. Pruitt, while it has nothing to do with the legal issue in this case, just as a matter of curiosity, is this activity still going on in Nevada? I — that sounds like way beyond the scope of my knowledge, Your Honor. I'm here litigating the issues, and I — Okay. I don't see that their characterization is at all accurate. So I have one other sort of sidebar issue question, which is there was another State law case filed in — Yeah. — in Superior Court — or the State district court. Is that still going on? Apparently, it is. If I — if I can approach just to answer that question. State court has been resolved. All of the defendants, though, that are in this case were dismissed in that case. There was a jury verdict against the hospital, which is operated by the State agency, that is subject to appeal, but that is the only part — So that proceeding is in the trial court of — Yes. Ms. Anderson, are they still doing what they were charged with doing? I'm sorry, what? Are they still doing what — taking patients? Absolutely not. There has been no travel assistance since 2013. Thank you. Okay. I'll give one minute for a rebuttal. You can make your best point. The crux of this case is whether the — the plaintiffs, whether the individual plaintiffs who brought this case on behalf of themselves and the class were diligent. That's — because if they were diligent, they were entitled to equitable tolling, under the facts of this case. We say, if you look at applied underwriters versus Licknegger, which you decided in January of this year, it said very clearly that that 41B dismissal of the Brown case was wrong. You also look at the judges who have had a chance to look at the actual federal claims. They're substantive. On that basis, it was reasonable for the plaintiffs to rely upon this court reversing Brown, but for the fact that 41B wasn't even argued in the opening brief. That's it. And these are vulnerable people. They relied upon counsel. Counsel was wrong in not doing that, and they shouldn't be foreclosed as a result of that. They need their day in court, and that's, I believe, what this court's equity power should ensure. Okay. Thank you. We appreciate your arguments, counsel. The matter is submitted.
judges: Paez, Rawlinson, Huck